## JESSE B. McCLANNOHAN *v.* COMMONWEALTH.

**Criminal Law—False Swearing.**

> The court must have had jurisdiction in the cause in which one has sworn falsely, or he will not be guilty of false swearing. The administration of an oath in a case over which the court has no jurisdiction is like every other part of the proceeding, a mere nullity.

APPEAL FROM PENDLETON CRIMINAL COURT.

October 10, 1878.

OPINION BY JUDGE PRYOR:

The statement contained in the indictment, to the effect that the case in which the accused was sworn was judicially pending in the quarterly court, is not an averment of jurisdiction on the part of the court trying the cause, and this is essential to a convicion. The only distinction or the material difference between an indictment of this sort and one for perjury is that in the latter case the false statement must have been in relation to a fact material to the issue, and in the other any statement, made by a witness in a court having jurisdiction of the case in which the witness is testifying, that is false and known to be so at the time by the witness is an offense within the statute. The administration of an oath in a case over which the court has no jurisdiction is like every other part of the proceeding, a mere nullity, the judge having no more power to administer it than he would on the street where no purpose was to be accomplished by it, or any oath required. Besides, it was competent for the witnesses for the accused to refer to the interview with himself and father that took place in reference to the settlement with Blackaby prior to the trial of the action in the quarterly court, or before the appellant had testified.

The question of intent must control the verdict of the jury. The statements made by the witness in regard to the order may be untrue and still not made falsely by him. He seems to be an ignorant man, not able to read or write, and if Blackaby or any one who prior to the institution of the suit or before he testified had told him that the order was not embraced in the settlement, or that it was not the order of L. B. McClannohan, and the witness, in good faith believing that the order was not received by him or embraced in the settlement with Blackaby, and relying on the truth of the information received by him, made the statement alleged to be false, he is not guilty of false swearing. This inquiry by the accused was made at a time when there seems to have been no other motive than to ascertain the truth as to what was in the settlement with Blackaby, and we see no reason why it should not have gone to the jury.

The judgment of conviction is *reversed* and cause remanded with directions to award a new trial, and for further proceedings consistent with this opinion.

*J. H. Fryer, C. Duncan, for appellant.    Moss, for appellee.*